IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| YVETT C. RUDOLPH,<br><br>    Plaintiff,<br><br>    v.<br><br>THE HR SPECIALIST, INC., BUSINESS MANAGEMENT DAILY, CAPITAL INFORMATION GROUP, INC., ALLIE P. ASH, JR., PHILLIP ASH, STEVEN STURM, PATRICK DI DOMENICO, ADAM GOLDSTEIN, and WILLIAM H. STURGES,<br><br>    Defendants. | Civ. No. 13-859-SLR |

Yvett C. Rudolph, Johnson City, Tennessee. Pro se Plaintiff.

Gary William Lipkin, Esquire, Duane Morris LLP, Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

Dated: April 11, 2014
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Yvett C. Rudolph ("plaintiff") proceeds pro se and has been granted leave to proceed in forma pauperis. She filed this lawsuit on May 17, 2013 raising a defamation claim as well as claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 2101, et seq. (D.I. 2, 9) Presently before the court is defendants' motion to dismiss, opposed by plaintiff. (D.I. 28) The court has jurisdiction pursuant to 28 U.S.C. § 1331. For the following reasons, the court will deny without prejudice to renew the pending motion to dismiss and will transfer the matter to the United States District Court for the Eastern District of Virginia, Alexandria Division.

## II. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff, who resides in Johnson City, Tennessee, filed this action against defendants The HR Specialist, Inc., ("HR Specialist"), Business Management Daily ("Business Management"),[1] Capital Information Group, Inc. ("Capital Information"), President and Officer of Capital Information Allie P. Ash, Jr. ("Ash, Jr."), Vice-President, Officer and Director of Capital Information Phillip Ash ("Ash"), Vice President and Officer of Capital Information Steven Sturm ("Sturm"), Editorial Director of Business Management Patrick DiDomenico ("DiDomenico"), Associate Publisher of Business Management Adam Goldstein ("Goldstein"), and attorney, editor and author William H. Sturges ("Sturges"). Sturges is located in Charlotte, North Carolina and all other defendants are located in Falls Church, Virginia.

---

[1] An online newsletter.

Plaintiff alleges that defendants defamed her through the publication of an article and in violation of her rights under Title VII and the ADA. Plaintiff filed an employment discrimination case in the United States District Court for the Western District of North Carolina, Rudolph v. Buncombe Cnty Gov't, Civ. No. 10-203, alleging that, as a result of her disability, she had been denied reasonable accommodation, had suffered a hostile work environment, and had been discharged during probationary period in violation of Americans with Disabilities Act.[2] On March 1, 2012, the district court found that plaintiff was not entitled to relief and granted defendants' motion for summary judgment and denied plaintiff's motion for summary judgment. Plaintiff appealed. Prior to a ruling by the appellate court, plaintiff logged on to the Living with ADHD website and discovered an article which discussed her case. The article had been sent through The HR Specialist for North Carolina, an online newsletter of Business Management Daily. Plaintiff alleges that the article "has no accuracy" and is "totally untrue."

On October 16, 2013, the court screened the complaint pursuant to 28 U.S.C. § 1915(e)(2). (See D.I. 11) Therein, it ordered the parties to file briefs addressing why this court is the appropriate venue or whether another United States District Court might be a more convenient venue for this matter, particularly the Eastern District of Tennessee, Greeneville Division; the Eastern District of Virginia, Alexandria Division; or the Western District of North Carolina, Charlotte Division.[3]

---

[2]The decision was affirmed on August 14, 2012. Rudolph v. Buncombe Cnty. Gov't, 474 F. App'x 931 (4th Cir. 2012) (unpublished).

[3]The Third Circuit has not decided whether a district court may transfer venue under 28 U.S.C. § 1404(a) on its own motion. Courts within this Circuit have held that when no motion to transfer to a more convenient venue has been filed, the court may

2

On November 18, 2013, plaintiff advised the court that when she filed this action, "she used the location of formation of the corporation, being Delaware, especially because there were multiple part[ies]-plaintiff residences." (D.I. 12) In plaintiff's brief (D.I. 27), she states that Delaware is the appropriate forum for this action given it is "defendants' state of legal formation." Defendants responded by filing a motion to dismiss (D.I. 28) for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). In the alternative, they request that the matter be transferred to the United States District Court for the Eastern District of Virginia. Plaintiff opposes the motion.

## III. LEGAL STANDARDS

A civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; 2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b).

---

sua sponte transfer the case, but only after first providing the parties with an opportunity to brief the transfer issue. See, e.g., Johnson v. U.S. Bancorp, 2012 WL 1133689 (D. Del. Mar. 30, 2012); Bank Express Int'l v. Kang, 265 F.Supp.2d 497, 507 n.12 (E.D. Pa. 2003). See also Fiorani v. Chrysler Group, 510 F. App'x 109, 111 (3d Cir. 2013) (unpublished) (sua sponte dismissal with prejudice as frivolous of in forma pauperis complaint was not appropriate sanction for improper venue, rather, district court should have considered whether interests of justice warranted transfer of complaint to appropriate venue).

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district where the action might have been brought for the convenience of parties and witnesses and in the interests of justice. Congress intended through § 1404 to place discretion in the district court to adjudicate motions to transfer according to an individualized, case-by-case consideration of convenience and the interests of justice. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 208 (D. Del. 1998).

"Unless the balance is strongly in favor of a transfer, the plaintiff's choice of forum should prevail." *ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 567-68 (D. Del. 2001); *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970). The deference afforded a plaintiff's choice of forum will apply as long as a plaintiff has selected the forum for some legitimate reason. *Medtronic, Inc. v. Boston Scientific Corp.*, 587 F. Supp. 2d 648, 654 (D. Del. 2008); *Cypress Semiconductor Corp. v. Integrated Circuit Sys., Inc.*, 2001 WL 1617186, at *2 (D. Del. Nov. 28, 2001); *Continental Cas. Co. v. American Home Assurance Co.*, 61 F. Supp. 2d 128, 131 (D. Del. 1999). Although transfer of an action is usually considered as less inconvenient to a plaintiff if the plaintiff has not chosen its "'home turf' or a forum where the alleged wrongful activity occurred, the plaintiff's choice of forum is still of paramount consideration, and the burden remains at all times on the defendants to show that the balance of convenience and the interests of justice weigh strongly in favor of transfer." *In re ML-Lee Acquisition Fund II, L.P.*, 816 F.Supp. 973, 976 (D. Del. 1993).

With regard to transfer under § 1404, the analysis is very broad. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). Although "there is no definitive formula

or list of factors," potential private and/or public interests are considered. The private interests include: (1) plaintiff's forum preference as manifested in the original choice; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." *Id.* (citations omitted). The public interests include: "(1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases." *Id.* (citations omitted).

## IV. DISCUSSION

Plaintiff indicates that, except for defendant Sturges, who is located in Charlotte, North Carolina, the other defendants, "through their attachment to the parent company" (i.e., Capital Information), share the same business address in Falls Church, Virginia, and have postal boxes in McLean, Virginia. Capital Information is a Delaware corporation registered in the State of Virginia. The complaint identifies Sturges as an attorney, the editor of The (NC) HR Specialist, and the author directing the publication of the article at issue.

Defendants acknowledge, and the court agrees, that venue is not proper in Delaware. Not all defendants are resident of Delaware. *See* 28 U.S.C. § 1391(b)(1).

Only Capital Information is a resident of Delaware by virtue of its Delaware incorporation. In addition, there are no allegations that any of the events at issue took place in Delaware.

Plaintiff indicates that she did not file this action in North Carolina "due to litigator problems" she experienced, followed by a complaint to the F.B.I. and the United States Attorney General's office. Plaintiff "expects" the court to understand her "desire to bypass the Charlotte Court option and eliminate it as an option." (D.I. 27, ¶ 6) Plaintiff wishes the case to remain in Delaware noting that, "[T]he staff is pleasant and informative. It is no further than Virginia or Washington, D.C. for this Plaintiff and 4 day mail is no more than from Charlotte or Virginia." (Id. at ¶ 10)

Although venue is improper, defendants ask the court to retain jurisdiction in the interest of judicial economy. In the alternative, they ask that the matter be transferred to the United States District Court for the Eastern District of Virginia. Defendants note that this action could have originally been brought in the Eastern District of Virginia because a substantial part of the events or omissions giving rise to the claim occurred there. The complaint refers to conduct by two defendants both of whom are located in the Eastern District of Virginia, The HR Specialist and Business Management Daily, and one Sturges who is located in North Carolina. Defendants advise that all other defendants are located in the Eastern District of Virginia. In addition, defendants indicate that the books and records of The HR Specialist and Business Management Daily are located in the Eastern District of Virginia.

In viewing all the *Jumara* factors, the Court finds that the balance is strongly in favor of a transfer under § 1404. Only one defendant has a Delaware presence and no

actions took place in this district. The allegations refer to acts taken by defendants who are in Virginia and North Carolina. Although plaintiff filed this action in Delaware, she does not reside in Delaware, and she advises that she has no problem traveling to Delaware. Notably, the courthouse to which this matter will be transferred is approximately one hundred miles closer to plaintiff's residence. In addition, defendants' records are located in the Eastern District of Virginia. As discussed, the some of the alleged wrongs by defendants are alleged to have occurred in Virginia and North Carolina. Hence, for those claims raised under Virginia law, the Eastern District of Virginia has a stronger interest in deciding the dispute, and the presiding judge will have more familiarity with the applicable law.

Finally, the court finds that plaintiff failed to provide a legitimate reason for commencing the case in this district. Plaintiff states that she filed the case here because Capital Information is a Delaware corporation. Yet, by her own admission, she chose not to file the action in North Carolina (where at least some of the alleged acts took place) because she was unhappy with the outcome of her underlying employment discrimination case filed there.

Despite the deference afforded to a plaintiff's choice of forum, the balance of factors is strongly in favor of a transfer to the United States District Court for the Eastern District of Virginia.

## IV. CONCLUSION

For the above reasons, the court will deny without prejudice to renew the pending motion to dismiss (D.I. 28) and will order the action transferred to the United States District Court for the Eastern District of Virginia, Alexandria Division.

An appropriate order will issue.